**CT** CORPORATION
A WoltersKluwer Company

SEP 2 3 2005

UPS CORPORATE LEGAL
ATLANTA, GA 30328

**Service of Process
Transmittal**
09/22/2005
Log Number 510560538

**TO:**   Sonja Jackson
United Parcel Service Inc.
55 Glenlake Parkway, NE
Atlanta, GA, 30328-

**RE:**   **Process Served in Alabama**

**FOR:**   UNITED PARCEL SERVICE CO. (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Thomas Departo, Pltf. vs. United Parcel Service Co., Inc., Dft  *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Houston County Circuit Court, Al  Case # CV 2005 000577.00 |
| **NATURE OF ACTION:** | Complaint alleges breach of work contract related to termination of job. |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Montgomery, AL |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/22/2005 postmarked on 09/20/2005 |
| **APPEARANCE OR ANSWER DUE:** | 30 days |
| **ATTORNEY(S) / SENDER(S):** | Daniel Foster Johnson  PO Box 1165  Dothan, AL, 36302 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS  UPS Tracking Number: 1Z501YR70197320687  Email Notification, Sonja Jackson sdjackson@ups.com |
| **SIGNED:** | The Corporation Company |
| **ADDRESS:** | 2000 Interstate Park Drive  Suite 204  Montgomery, AL, 36109 |
| **TELEPHONE:** | 334-387-7680 |

Page 1 of 1 / CT

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action.

AVSO300                    ALABAMA JUDICIAL DATA CENTER SEP 2 3 2005
                              HOUSTON        COUNTY
                                                          UPS CORPORATE LEGAL
                                 SUMMONS                  ATLANTA, GA 30328
                                                          CV 2005 000577.00

```
|--------------------------------------------------------------------------|
|                IN THE CIRCUIT  COURT OF  HOUSTON        COUNTY            |
|                                                                          |
| THOMAS DEPRATO VS UNITED PARCEL SERVICE CO INC                           |
|        SERVE ON: (D001)                                                  |
|                                                                          |
|                                        PLAINTIFF`S ATTORNEY              |
|                                                                          |
|    UNITED PARCEL SERVICE CO INC                                          |
|    C/O THE CORPORATION CO              JOHNSON DANIEL FOSTER             |
|    2000 INTERSTATE PK CR 205           P. O. BOX 1165                    |
|    MONTGOMERY     ,AL  36109-0000                                        |
|                                        DOTHAN         ,AL  36302-0000    |
|--------------------------------------------------------------------------|
| TO THE ABOVE NAMED DEFENDANT:                                            |
|                                                                          |
|   THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU   |
|  MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY |
|  ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER |
|  ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS |
|  ATTORNEY(S) SHOWN ABOVE OR ATTACHED:                                    |
|                                                                          |
|   THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS      |
|  SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT   |
|  MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN    |
|  THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE  |
|  COURT BELOW.                                                            |
|--------------------------------------------------------------------------|
|   ( )   TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2)|
|         OR 4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:|
|         YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE |
|         COMPLAINT IN THIS ACTION UPON DEFENDANT.                         |
|                                                                          |
|  (X)    THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON |
|         THE WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C) |
|         OF THE ALABAMA RULES OF CIVIL PROCEDURE.                         |
|                                                                          |
|   DATE: 09/20/2005                                                       |
|                                  CLERK:JUDY BYRD                         |
|                                        P.O.DRAWER 6406             BY    |
|                                        DOTHAN AL   36302                 |
|--------------------------------------------------------------------------|
|    RETURN ON SERVICE:                                                    |
|                                                                          |
|   ( )   CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____ |
|         (RETURN RECEIPT HERETO ATTACHED)                                 |
|                                                                          |
|   ( )   I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND  |
|         COMPLAINT TO _____        |
|                                                                          |
|         IN _____ COUNTY, ALABAMA ON (DATE) _____  |
|                                                                          |
|  _____          _____       |
|  DATE                                 SERVER SIGNATURE                   |
|                                                                          |
|  _____          _____       |
|  SERVER ADDRESS                       TYPE OF PROCESS SERVER             |
|--------------------------------------------------------------------------|
```
OPERATOR: LIK
PREPARED: 09/20/2005

FILED

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

SEP 1 5 2005

THOMAS DAPRATO,                    )
                                   )
        PLAINTIFF                  )
                                   )
VS.                                )        CIVIL ACTION NO.
                                   )
UNITED PARCEL SERVICE CO., INC.,   )        **JURY DEMANDED**
                                   )
        DEFENDANT                  )

SEP 2 3 2005
UPS CORPORATE LEGAL
ATLANTA, GA 30328

*Judy Byrd*
JUDY BYRD, CLERK
HOUSTON CO., AL

## COMPLAINT

### FACTS

1.      Plaintiff, Thomas Daprato, is a resident of Houston County, Alabama. His address is 1901 Prevatt Road, Dothan, Alabama 36301.

2.      Defendant, United Parcel Service, Co., Inc. ("UPS"), is a Georgia corporation. It is in the business of package delivery and is a provider of specialized transportation and logistics services. Its Alabama agent for service of process is The Corporation Company 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109.

3.      Plaintiff, Thomas Daprato, worked for Defendant, UPS, for several years. On December 11, 2001, the Plaintiff left his employment with Defendant. At the time Plaintiff, Thomas Daprato, left his employment, the Defendant made allegations that it had cause to terminate the Plaintiff, which Plaintiff vehemently denied. Plaintiff, Thomas Daprato, and Defendant, UPS, then entered into a written severance agreement that contained a clause prohibiting either party from disclosing the allegations constituting UPS's alleged cause for terminating the Plaintiff.

4.    On March 22, 2004, Plaintiff, Thomas Daprato, was engaged in a trial regarding a modification of custody and child support for his minor child with his ex-wife, Melissa Daprato, in the Circuit Court Dale County, Alabama. Melissa Daprato stated in open court the cause that UPS alleged for terminating Plaintiff, Thomas Daprato. Plaintiff had not disclosed to his ex-wife, or anyone else, the reason why he left UPS, and he was shocked by her public testimony.

5.    A UPS employee divulged UPS's allegations constituting its cause for terminating Plaintiff to his ex-wife in violation of the confidentiality agreement contained in the said severance agreement.

6.    The release of this confidential information caused the Plaintiff to suffer harm to his reputation, mental anguish, and other damages.

<u>COUNT I</u>
(BREACH OF CONTRACT)

7.    Plaintiff, Thomas Daprato, hereby re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1-6 of this Complaint.

8.    Defendant has breached its contract with the Plaintiff by divulging confidential information concerning Defendant's alleged cause for terminating Plaintiff to Plaintiff's ex-wife in violation of the confidentiality agreement that both the Plaintiff and Defendant signed.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages in an amount in excess of the minimum jurisdictional limits of this Court, plus interest and court costs, together with any and all additional amounts which Plaintiff may be entitled to recover from Defendants as a result of its aforesaid conduct.

2

## COUNT TWO
### (WILLFUL MISREPRESENTATION)

9.    Plaintiff, Thomas Daprato, hereby re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1-8 of this Complaint.

10.    Defendant, UPS, represented to the Plaintiff that it would keep the settlement terms of the severance package confidential. This representation induced the Plaintiff to resign from his position at UPS and to sign the severance agreement. At the time that UPS made the said representation, it had no intention to keep its promise, and the Plaintiff had no knowledge of the falsity of UPS's representation. The Plaintiff first learned in May of 2004 at his child support modification hearing that UPS had made the foregoing willful misrepresentation.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory and punitive damages in an amount in excess of the minimum jurisdictional limits of this Court, plus interest and court costs, together with any and all additional amounts which Plaintiff may be entitled to recover from Defendants as a result of its aforesaid conduct.

## COUNT THREE
### (MISTAKEN MISREPRESENTATION)

11.    Plaintiff hereby re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1-10 of this Complaint.

12.    Defendant, UPS, mistakenly represented to the Plaintiff that it would keep the settlement terms of the severance package confidential. This representation induced the Plaintiff to resign from his position at UPS and to sign the severance agreement. At the time that UPS made the said representations, UPS was mistaken as to its assertion that the terms of the said severance agreement would remain confidential, and the Plaintiff

3

had no knowledge of the falsity of UPS's representation. The Plaintiff first learned in May of 2004 at his child support modification hearing that UPS had made the foregoing misrepresentation.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages in an amount in excess of the minimum jurisdictional limits of this Court, plus interest and court costs, together with any and all additional amounts which Plaintiff may be entitled to recover from Defendants as a result of its aforesaid conduct.

<u>COUNT FOUR</u>
(DECEIT)

13.    Plaintiff hereby re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1-12 of this Complaint.

14.    The foregoing statements, acts, and omissions of UPS constitute deceit to the detriment of the Plaintiff.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory and punitive damages in an amount in excess of the minimum jurisdictional limits of this Court, plus interest and court costs, together with any and all additional amounts which Plaintiff may be entitled to recover from Defendants as a result of its aforesaid conduct.

4

DATED this _15TH_ day of September, 2005.

**PLAINTIFF DEMANDS A TRIAL IN THIS CASE BY STRUCK JURY.**

Respectfully submitted,

LEWIS, BRACKIN, FLOWERS & JOHNSON

DANIEL F. JOHNSON (JOH-103)
Attorney for Plaintiff
P.O. Box 1165
Dothan, Alabama 36302
(334) 792-5157


OF COUNSEL:
LEWIS, BRACKIN, FLOWERS & JOHNSON
P.O. Box 1165
Dothan, Alabama 36302
(334) 792-5157


Serve the Defendant via certified mail at:

The Corporation Company
2000 Interstate Park Drive, Suite 205
Montgomery, Alabama 36109

5



**JUDY BYRD**
CIRCUIT CLERK
DISTRICT COURT CLERK
P.O. DRAWER 6406
DOTHAN, ALABAMA 36302



CERTIFIED MAIL

7003 1680 0002 0706 0350

SEP 2 3 2005

UPS CORPORATE LEGAL
ATLANTA, GA 30328

UNITED PARCEL SERVICE INC
C/O THE CORPORATION COMPANY
2000 INTERSTATE PARK DR, SUITE 205
MONTGOMERY AL 36109

