IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

THOMAS DAPRATO,                          )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )        CV-05-1012-MEF-CSC
                                         )
UNITED STATES PARCEL                     )
SERVICE CO., INC.,                       )
                                         )
        Defendant.                       )
                                         )
_____    )

## ANSWER AND DEFENSES

Defendant United Parcel Service, Inc. ("UPS") hereby answers and asserts

defenses to Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against UPS upon which relief may granted.

### SECOND DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by

applicable statutes of limitations.

### THIRD DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by

the doctrine of laches.

### FOURTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by

the statute of frauds.

## FIFTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## FIFTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, based upon the doctrines of estoppel and unclean hands.

## SIXTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, because UPS at all times acted in good faith and in a lawful manner towards Plaintiff.

## SEVENTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, based on breach of contract.

## EIGHTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, based on failure of consideration.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to plead or allege conditions and facts precedent to his claims.

## TENTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate his claim of damages, the existence of such damages being hereby denied.

## ELEVENTH DEFENSE

Plaintiff's claim for punitive damages is barred, in whole or in part, because he has not alleged facts sufficient to support an award of punitive damages against UPS under applicable law.

## TWELFTH DEFENSE

To the extent that he seeks costs and attorney's fees, Plaintiff's claim for costs and attorney's fees is barred, in whole or in part, because he has not alleged facts sufficient to support an award of attorney's fees and costs against UPS under applicable law.

## THIRTEENTH DEFENSE

UPS responds to the enumerated paragraphs in Plaintiff's Complaint as follows:

1.      UPS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the Complaint, and such allegations therefore stand denied.

2.      UPS denies the allegations as they are stated in Sentence 1 of Paragraph 2 of the Complaint.  UPS admits the remaining allegations in Paragraph 2 of the Complaint.

3.      UPS admits that Plaintiff worked for UPS from 1983 to 2001.  UPS admits that Plaintiff's last day of employment with UPS was on December 11, 2001.  UPS admits that, at the time of Plaintiff's discharge from UPS, UPS had sufficient reason to terminate his employment for cause, but UPS is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Sentence 3 of Paragraph 3 of the Complaint.  UPS admits that Plaintiff and UPS entered into a written agreement entitled "Separation Agreement and General Release."  UPS

- 3 -

further admits that the terms of the Separation Agreement and General Release speak for themselves, but denies any allegations contained in Paragraph 3 of the Complaint that are inconsistent with the terms of the Separation Agreement and General Release. Unless otherwise admitted, UPS denies all remaining allegations in Paragraph 3 of the Complaint.

4.    UPS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 of the Complaint, and such allegations therefore stand denied.

5.    UPS denies the allegations in Paragraph 5 of the Complaint.

6.    UPS denies the allegations in Paragraph 6 of the Complaint.

7.    UPS incorporates by reference its responses to Paragraphs 1-6 of the Complaint as if fully set forth herein.

8.    UPS denies the allegations in Subparagraph 8(a) of the Complaint. UPS denies that the Plaintiff is entitled to any judgment or remedy against UPS, including but not limited to all of the remedies sought in Subparagraph 8(b) of the Complaint.

9.    UPS incorporates by reference its responses to Paragraphs 1-8 of the Complaint as if fully set forth herein.

10.    UPS denies the allegations in Subparagraph 10(a) of the Complaint. UPS denies that the Plaintiff is entitled to any judgment or remedy against UPS, including but not limited to all of the remedies sought in Subparagraph 10(b) of the Complaint.

11.    UPS incorporates by reference it responses to Paragraphs 1-10 of the Complaint as if fully set forth herein.

- 5 -

12.    UPS denies the allegations in Subparagraph 12(a) of the Complaint.  UPS denies that the Plaintiff is entitled to any judgment or remedy against UPS, including but not limited to all of the remedies sought in Subparagraph 12(b) of the Complaint.

13.    UPS incorporates by reference its responses to Paragraphs 1-12 of the Complaint as if fully set forth herein.

14.    UPS denies the allegations in Subparagraph 14(a) of the Complaint.  UPS denies that the Plaintiff is entitled to any judgment or remedy against UPS, including but not limited to all of the remedies sought in Subparagraph 14(b) of the Complaint.

15.    Except as otherwise expressly admitted herein, UPS denies each and every allegation contained in the Complaint.

WHEREFORE, UPS prays that Plaintiff's Complaint be dismissed, with prejudice, and that all costs, including UPS's attorneys' fees, be cast against Plaintiff.

Respectfully submitted this 28th day of October, 2005.

s/ Donald R. James, Jr.
William J. Baxley (BAX 001)
Donald R. James, Jr. (JAM016)
Joseph D. Jackson, Jr. (JAC081)
BAXLEY, DILLARD, DAUPHIN,
McKNIGHT & BARCLIFT
2008 Third Avenue South
Birmingham, Alabama 35233
(205) 271-1100

N THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

THOMAS DAPRATO,                        )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        CV-05-1012-MEF-CSC
                                       )
UNITED STATES PARCEL                   )
SERVICE CO., INC.,                     )
                                       )
        Defendant.                     )
_____)

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date electronically filed Defendant's "ANSWER

AND DEFENSES" using the Court's electronic filing system which will serve the same

by electronic mail to:

Johnson Daniel Foster, Esquire
P.O. Box 1165
Dothan, AL 36302

This 28th day of October, 2005.

s/ Donald R. James, Jr.
William J. Baxley (BAX 001)
Donald R. James, Jr. (JAM016)
Joseph D. Jackson, Jr. (JAC081)
BAXLEY, DILLARD, DAUPHIN,
McKNIGHT & BARCLIFT
2008 Third Avenue South
Birmingham, Alabama 35233
(205) 271-1100